### BRADY v. MANHATTAN RY. CO.

(*Common Pleas of New York City and County, General Term.* June 3, 1889.)

1. NEGLIGENCE—DANGEROUS PREMISES—ELEVATED RAILROAD STATIONS.
   In an action against an elevated railway company for injury to a passenger, the evidence showed that plaintiff, on alighting from the car, and while closely pressed in front and behind by other passengers, stepped into an open space between the car and the station platform, and that similar accidents had occurred at other similar stations on defendant's road. *Held* sufficient to show negligence on the part of defendant.

2. SAME—EVIDENCE—SIMILAR ACCIDENTS.
   In such case, evidence as to such similar accidents is admissible to show that defendant had notice of the dangerous condition of its platform.

3. SAME—DAMAGES—EXCESSIVE VERDICT.
   In such an action, where the evidence shows that plaintiff's leg was broken, and that she had also received internal injuries, permanently affecting her general health, a verdict of $5,000 is not excessive.

Appeal from trial term.

Action by Anastasia Brady against the Manhattan Railway Company for personal injuries. The evidence showed that, in addition to the fracture of her leg, plaintiff had received internal injuries, permanently affecting her general health. Judgment for plaintiff. Defendant appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Edward S. Rapallo* and *Henry D. Sedgwick*, for appellant. *J. McKenzie Semple*, for respondent.

LARREMORE, C. J. On the 16th day of March, 1887, respondent, while leaving one of appellant's cars, stepped into the open space between the car platform and the station platform at Third avenue and Forty-Second street, thereby breaking her leg and sustaining other injuries. This action is to recover damages for such injuries, and this appeal is from a judgment in plaintiff's favor for $5,000, rendered upon the verdict of a jury.

The principal point argued in behalf of appellant was the alleged improper admission of evidence, in that witnesses for plaintiff were allowed to testify to the happening of accidents of a similar character, not at the same, but at other, stations upon defendant's elevated railroad. The learned judge who presided at the trial explained that "that question of prior accidents becomes material in view of a decision in the court of last resort in our state, holding that in order to establish negligence in the use of a particular appliance of this character there should be some evidence that there had been some injury to persons before that time; that its operation had caused an accident;" citing *Lafflin* v. *Railroad Co.*, 106 N. Y. 136, 12 N. E. Rep. 599.

We concur with the learned judge as to the propriety of admitting the evidence in question to make out the proof required by such decision. The reason for the rule laid down in the cited case is quite obvious. Where a given appliance has served its required purpose, without casualty, for a long period,

it shall not be presumed when the first accident occurs that the defendant is guilty of negligence. The defendant is not an insurer of the safety of passengers. It is bound simply to exercise ordinary care, in view of the dangers attending the use of the appliance, and "to make it reasonably adequate for the purpose to which it was devoted." When, however, previous accidents have occurred, it is to be presumed that the attention of defendant has been called to the perilous nature of the appliance, and that defendant has been guilty of negligence because it has not made the same safe in the respects in which it has been previously demonstrated to be faulty. We think it was only applying this rule with common sense and good judgment to hold that if other passengers had, in several cases, slipped their legs between the cars and other stations of the elevated railroad, there had been sufficient to call to the notice of the company the danger likely to be encountered at all stations, or any particular station. Descriptions of and comparisons between the Forty-Second Street station and other stations on the road were given by plaintiff's witnesses, and such testimony was sufficient to support an inference by the jury that in general structure, and in the liability to have a space intervene between some of the cars and the platforms, the different stations were substantially similar. This was all that was necessary to be shown in order to give the evidence in dispute its limited applicability,—that of establishing a previous warning to defendant. The trial judge confined the testimony that the jury were allowed to consider to accidents at other stations which occurred before the accident in question.

The foregoing views seem to us to be within the spirit of the latter authorities, and, moreover, if the opposite opinion were allowed to prevail, great practical injustice might result. The defendant, though accidents of this character had happened at several of its stations, and though the general danger was notorious, would always try to escape liability on the technical plea of lack of sufficient notice to charge it in a given case, if the plaintiff were unable to show a previous accident at that identical station. The same principle might be invoked by a corporation owning and operating several steam-boats, all of which were constructed alike. If an accident occurred, let us say, through the absence of a taffrail at a particular place on one boat, its owners would claim, when sued because of a similar mishap on a sister ship, that evidence of the former casualty was inadmissible, because it happened at another place and under different conditions.

The other points made by appellant may be dismissed without extended comment. Considering the nature of defendant's injuries as explained by herself and her physician, we certainly do not feel called upon to set aside the verdict because of excessive damages.

Nor do we think that the weight of testimony conclusively showed that defendant was not guilty of negligence. The negligence was very satisfactorily proved by a number of facts. There is, first of all, the fact that plaintiff stepped into the space between the car and the platform. She followed closely the person in front of her, and was in turn closely pressed by the person behind. Under these circumstances, the jury could infer that she did not intentionally turn her foot so as to insert it into a small space, but that the space was wide enough for her to set her foot into it in the ordinary manner of stepping from a crowded train. Furthermore, there was evidence as to the different widths of the platforms of different kinds of cars, and also of the existence at some of the stations of sliding bridges operated by a crank, to be used in closing up the space between platforms of the narrower cars and the station platforms. There was abundant evidence from which the jury could have inferred that plaintiff stepped, without fault of her own, into an open space which it was the defendant's duty to have closed. The judgment appealed from should be affirmed, with costs. All concur.